# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYRON DIEUJUSTE, MAYA HOLMES, and JALIL SPANN | : | |
| | : | |
| Plaintiffs, | : | **Civil Action No.:** |
| vs. | : | |
| THE BOROUGH OF ROSELLE, | : | |
| ROSELLE POLICE DEPARTMENT, | : | |
| OFFICER CARLOS GONZALEZ in his individual and official capacity as an officer of the Roselle Police Department | : | **COMPLAINT FOR DAMAGES** |
| | : | **DEMAND FOR JURY TRIAL** |
| and | : | |
| JOHN DOE OFFICERS 1-V individually and in their official capacity as officers of the Roselle Police Department | : | |
| Defendants. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Tyron Dieujuste, Maya Holmes, and Jalil Spann ("Plaintiffs") for their causes of action against The Borough of Roselle, Roselle Police Department, Officer Carlos

Gonzalez, and John Doe Officers I-V ("Defendants) for malicious prosecution and in support therefore alleges as follow:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1343 and 1367.

2. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the District of New Jersey.

## II. THE PARTIES

3. Plaintiff Tyrone Dieujuste ("Plaintiff Dieujuste") is an adult male residing in Linden, New Jersey.

4. Plaintiff Maya Holmes ("Plaintiff Holmes") is an adult female residing in Linden, New Jersey.

5. Plaintiff Jalil Spann ("Plaintiff Spann") is an adult male residing in Linden, New Jersey.

6. Defendant Borough of Roselle is a municipal corporate body politic which provides a number of services to those residing within its borders, including provision of police protection, and is a person within the meaning of 42 U.S.C. §1983.

7. Defendant Roselle Police Department is in charge of and responsible for patrolling roads in Roselle, New Jersey.

8. Upon information and belief, Defendant Officer Carlos Gonzalez ("Officer Gonzalez"), sued herein in both his individual and official capacity, is employed by the Roselle Police Department. All actions taken by Officer Gonzalez while working as a Roselle police officer were taken under color of state law and municipal officer.

9. John Doe Officers 1-V are fictious defendants, who identities are unknown, and who at all time relevant, assisted, aided, and abetted the named defendants in their unlaw detainment and prosecution of Plaintiffs.

10. Upon information and belief, all Defendants are residents of the State of New Jersey.

### III.     FACTS GIVING RISE TO THE ACTION

11. On or about February 24, 2019, around 3 a.m., Plaintiff Dieujuste was driving a vehicle with Plaintiff Holmes and Plaintiff Spann as passengers.

12. Plaintiffs were traveling to get food from Chicken Shack in Roselle, NJ.

13. At the same time and place, Officer Carlos Gonzalez ("Officer Gonzalez") was present in the parking lot of Chicken Shack.

14. After Plaintiffs obtained their food, they returned to their motor vehicle and exited the parking lot of Chicken Shack.

15. Officer Gonzalez, without any reasonable suspicion or probable cause, followed Plaintiffs as they drove away from the parking lot of Chicken Shack.

16. Plaintiff Dieujuste stopped at Morris and Girard Street to drop of his wife, Plaintiff Holmes.

17. Officer Gonzalez followed Plaintiffs to Morris and Girard Street.

18. Officer Gonzalez flashed the lights in his patrol vehicle and initiated a stop of Plaintiffs' vehicle.

19. Officer Gonzalez ordered Plaintiff Dieujuste to exit his vehicle.

20. Plaintiff Dieujuste inquired of Officer Gonzalez on the reason he was stopped and why he was being ordered to exit his vehicle.

21. Officer Gonzalez never told Plaintiff Dieujuste why he stopped him and why he ordered him to exit his vehicle.

22. Officer Gonzalez, suddenly and without warning, took off Plaintiff Dieujuste's seatbelt and dragged him out of his vehicle.

23. Officer Gonzalez and/or Officers John Doe I-V, pushed Plaintiff Holmes against a fence even though she was 3 months pregnant.

24. Officer Gonzalez and/or Officer John Doe I-V arrested Plaintiffs and charged them with Careless Driving (NJ Rev Stat § 39:4-97); Stopping or yielding right of way before entering stop or yield intersections (NJ Rev Stat §39:4-144); Resisting arrest (NJ Rev Stat §2C:29-2); Obstructing administration of law (NJ Rev Stat § 2C:29-1); and Possession, use, or being under the influence, or failure to make lawful disposition (NJ Rev Stat § 2C:35-10).

25. On May 28, 2021, the aforementioned charges against Plaintiffs were dismissed by Roselle Municipal Court.

**COUNT I**
**(Plaintiffs v. Officer Gonzalez and Officers John Doe I-V**
**42 U.S.C. § 1983**
**Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments**

26. Plaintiffs incorporate paragraphs 1 through 25, as if they were set forth below.

27. Officer Gonzalez and/or Officers John Doe I-V, acting individually and in concert with malice and knowing that probable cause did not exist to prosecute Plaintiffs, intentionally caused Plaintiffs to be arrested, charged and prosecuted for those crimes, thereby violating Plaintiffs' clearly established rights, under the Fourth and Fourteenth

Amendments to the United States Constitution, to be free from prosecution absent probable cause.

28. Officer Gonzalez and Officers John Doe I-V performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth and with deliberate indifference to Plaintiffs' clearly established constitutional rights.

29. The prosecution fully terminated in Plaintiffs' favor on May 28, 2021, when charges against Plaintiffs were dismissed by Roselle Municipal Court.

30. The acts and omissions by Officer Gonzalez and Officers John Doe I-V described in the preceding paragraphs were the direct and proximate cause of Plaintiffs' injuries because Officer Gonzalez and Officers John Doe I-V knew, or should have known, that their conduct would result in the wrongful arrest, prosecution, conviction and incarceration of Plaintiffs.

## COUNT II

**(Plaintiffs v. The Borough of Roselle and Roselle Police Department**
**42 U.S.C. § 1983**
**Municipal Liability Claim**

31. Plaintiffs incorporate by reference paragraphs 1 through 30, as set forth fully below.

32. The Borough of Roselle and Roselle Police Department, by and through its final policymakers, had in force and effect during the time of Plaintiffs' wrongful arrest and conviction, and for many years preceding and following this investigation, a policy, practice or custom of unconstitutional stops, detainment, arrest, and malicious prosecution of individuals without probable cause such as that described in this Complaint.

33. Final policymakers for The Borough of Roselle, had actual or constructive notice of these practice, policies and customs, but repeatedly failed to make any meaningful investigation into unconstitutional stops, detainment, arrest, and malicious prosecutions of individuals without probable cause such as that as described in this Complaint.

## PRAYERS FOR RELIEF

Wherefore, Plaintiffs request that this Court:

(a) Award the named Plaintiffs compensatory and consequential damages in an amount to be determined at trial, against all Defendants, jointly and severally;

(b) Award Plaintiffs punitive damages in an amount to be determined at trial against all Defendants, jointly and severally;

(c) Award Plaintiffs attorneys' fees and costs incurred in bringing this action, as provided in 42 U.S.C. §1988; and

(d) Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of this action.

Respectfully Submitted,

/s/ Emeka Igwe, Esq.
Emeka Igwe, Esq.
Two Penn Center
1500 JFK BLVD., Suite 1900
Philadelphia, PA 19102
(215) 278-9898
emeka@igwefirm.com

Dated: May 2, 2022