# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYRON DIEUJUSTE, MAYA HOLMES, and JALIL SPANN,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**THE BOROUGH OF ROSELLE; ROSELLE POLICE DEPARTMENT; OFFICER CARLOS GONZALEZ, in his individual and official capacity as an officer of the Roselle Police Department; and JOHN DOE OFFICERS 1-V, individually and in their official capacity as officers of the Roselle Police Department,**[1]<br><br>    Defendants. | Civ. No. 22-02607 (KM) (JSA)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Tyron Dieujuste, Maya Holmes, and Jalil Spann (collectively "Plaintiffs") bring this action under 42 U.S.C. § 1983 against defendants the Borough of Roselle, the Roselle Police Department, and Officer Carlos Gonzalez, asserting claims for malicious prosecution and *Monell* violations in connection with criminal charges Plaintiffs faced following a February 2019 traffic stop.

Now before the Court is Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons expressed below, Defendants' motion to dismiss is **GRANTED**.

---

[1]   "John Doe Officers 1-V" are identified in the complaint as "fictitious defendants" whose "identities are unknown." (Compl. ¶ 9.) I disregard these placeholders.

## I. BACKGROUND

### A. Factual Allegations

Around February 24, 2019, at approximately 3:00am, Tyron Dieujuste drove to Chicken Shack, a restaurant in Roselle, New Jersey. (Compl. ¶¶ 11-12.)[2] Maya Holmes and Jalil Spann were passengers in the car.[3] (*Id.* ¶ 11.) The three parked in the restaurant's parking lot, purchased food, returned to their vehicle, and then left the parking lot. (*Id.* ¶ 14.) Officer Carlos Gonzalez, who was present in the parking lot when Plaintiffs arrived, followed Plaintiffs in his patrol vehicle after they exited. (*Id.* ¶ 15.) Dieujuste stopped the car at the intersection of Morris Street and Girard Stret to drop off Holmes. (*Id.* ¶ 16.) At that time, Officer Gonzalez flashed his patrol vehicle's lights, initiated a stop of Plaintiffs' vehicle, and ordered Dieujuste to get out of the car. (*Id.* ¶¶ 18-19.) Dieujuste asked Officer Gonzalez why he was being stopped and why he was being ordered out of the car, but Officer Gonzalez allegedly never provided an answer. (*Id.* ¶¶ 20-21.) Plaintiffs allege that Officer Gonzalez suddenly and without warning removed Dieujuste's seatbelt and dragged him out of the vehicle. (*Id.* ¶ 22.) Officer Gonzalez and/or other unnamed officers then pushed Holmes against a fence. (*Id.* ¶ 23.) Officer Gonzalez and/or other unnamed officers then arrested Plaintiffs and charged them with 1) resisting arrest; 2) obstructing administration of law; 3) possession, use, or being under the influence of a controlled substance, or failure to make lawful disposition of a controlled substance; and 4) certain traffic violations. (*Id.* ¶ 24.) On May 28,

---

[2] Certain citations to record are abbreviated as follows:

"DE" = Docket entry number in this case

"Compl." = Complaint for Damages and Demand for Jury Trial (DE 1)

"Mot." = Defendants' Motion to Dismiss the Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ad Other Grounds (DE 10)

"Opp." = Brief of Plaintiffs in Opposition to Defendants' Motion to Dismiss (DE 12)

[3] The Complaint indicates that Maya Holmes is Dieujuste's wife and was three months pregnant at the time Plaintiffs were arrested. (Compl. ¶¶ 16, 23.)

2

2021, all charges against Plaintiffs were dismissed by Roselle Municipal Court. (*Id.* ¶ 25.)

In light of the foregoing, Plaintiffs assert 1) a claim for malicious prosecution against Officer Gonzalez, and 2) a *Monell*[4] liability claim against the Borough of Roselle for Officer Gonzalez's alleged constitutional violation.[5]

### B. Procedural History

Plaintiffs initiated this action on May 3, 2022. (DE 1.) On June 27, 2022, Defendants filed the present motion to dismiss for failure to state a claim. (DE 10.) On August 1, 2022, Plaintiffs filed their opposition to Defendants' motion to dismiss. (DE 12.) On August 8, 2022, Defendants filed a reply in the form of a letter brief in further support of their motion to dismiss. (DE 13.) The motion to dismiss is thus fully briefed and ripe for decision.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6)

---

[4] See *Monell v. Dept of Social Services of City of New York*, 436 U.S. 658 (1978).

[5] As Plaintiffs concede in their opposition (Opp. at 7-8), the Roselle Police Department is not a proper defendant to a *Monell* claim for municipal liability. A New Jersey municipal police department is not a separate entity from the municipality. N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government"); *Adams v. City of Camden*, 461 F.Supp.2d 263, 266 (D.N.J.2006) (collecting cases); *Padilla v. Twp. of Cherry Hill*, 110 F. App'x. 272, 278 (3d Cir.2004). Therefore, Plaintiffs' claims against the Roselle Police Department are dismissed with prejudice. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 126 (3d Cir. 2010) (acknowledging appropriateness of dismissing civil rights counts against a municipal police department "because it was not a separate legal entity from" the municipality). As it happens, it matters very little; the proper defendant, the Borough of Roselle, is already named as a defendant.

provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in Plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

### III.   DISCUSSION

Defendants move to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[6] (Mot. at 2-6.) In the following discussion, I address each of Plaintiffs' claims in turn.

---

[6]   Defendants independently assert that the claims in the complaint are barred by applicable statutes of limitations. (Mot. at 7-9.) Defendants are mistaken.

Section 1983 does not contain its own statute of limitations but borrows the limitations period from the law of the forum state. In New Jersey, § 1983 claims are subject to the local two-year statute of limitations for personal injury claims, N.J, Stat. Ann. § 2A:14–2. *Patyrak v. Apgar*, 511 Fed.App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (§ 1983 claims borrow the relevant state's statute of limitations for personal injury claims).

The date when a cause of action under § 1983 accrues is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a [§ 1983] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* Accrual occurs, then, "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

A § 1983 malicious prosecution claim does not accrue as of the time Plaintiffs were arrested or charged, but as of the time the criminal case was terminated in their favor. The rationale for that rule is apparent. As set forth *supra*, malicious prosecution under § 1983 requires that "the criminal proceeding ended in [the plaintiff's] favor." *Halsey*, 750 F.3d at 296–97. The last event necessary to complete the Constitutional tort of malicious prosecution, then, is element 2: that the underlying criminal case be resolved in the plaintiff's favor. For such malicious prosecution claims, then, the two-year limitations period begins to run on the date that the criminal proceedings are

4

### A. Count I: Malicious Prosecution against Officer Gonzalez

A malicious prosecution claim brought on a Fourth Amendment theory pursuant to § 1983 requires a plaintiff to establish the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). "Although prosecutors are the ones who typically initiate criminal proceedings, a law enforcement officer may be liable for malicious prosecution where the officer 'influenced or participated in the decision to institute criminal proceedings.'" *Evans v. City of Newark*, No. 14-00120, 2016 WL 2742862, at *14 (D.N.J. May 10, 2016) (quoting *Halsey*, 750 F.3d at 297). Moreover, "the *sine qua non* of malicious prosecution is that the defendants have instituted a criminal proceeding without probable cause." *Evans*, 2016 WL 2742862, at *14.

Plaintiffs' complaint satisfies the first two elements of a malicious prosecution claim in that it alleges 1) Plaintiffs were charged with violations of criminal statutes (Compl. ¶ 24), and 2) Plaintiffs prevailed in the subsequent criminal proceedings when all charges against them were dismissed (*id.* ¶ 24). However, the complaint fails to satisfy the remaining elements. Plaintiffs provide a scant account of their traffic stop and arrest, and they offer no factual support for their conclusory statement that Officer Gonzalez acted

---

terminated. *See, e.g., Desposito v. New Jersey*, 2015 WL 2131073, at *11 (D.N.J. May 5, 2015) (collecting cases); *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998).

Here, the municipal court dismissed the charges against the Plaintiffs on May 28, 2021. The complaint in this action was filed on May 3, 2022, well within the two-year limitations period. The § 1983 malicious prosecution claim is therefore timely.

"without . . . probable cause" when he "followed Plaintiffs as they drove away from the parking lot of Chicken Shack." (*Id.* ¶ 15.) Moreover, the complaint is devoid of any facts to suggest Officer Gonzalez "acted maliciously or for a purpose other than bringing the plaintiff to justice." *Halsey*, 750 F.3d at 296–97.

Because the complaint fails to allege facts sufficient to support these necessary elements, Count I fails to state a claim and must be dismissed.

### B. Count II: *Monell* Claim against Borough of Roselle

Plaintiffs assert a *Monell* liability claim against the Borough of Roselle for an unlawful "policy, practice or custom of unconstitutional stops, detainment, arrest, and malicious prosecution of individuals without probably cause." (*Id.* ¶ 32.) Plaintiffs further allege that Roselle policymakers "failed to make any meaningful investigation into unconstitutional stops, detainment, arrest, and malicious prosecutions of individuals without probable cause . . ." (*Id.* ¶ 33.)

The short answer to these contentions is that, for the reasons stated above, the complaint fails to plead an underlying constitutional violation against the officer directly involved. It follows that the Borough of Roselle cannot be derivatively liable for such a violation.

To guide any amended pleading, I briefly discuss other defects in the *Monell* allegations. "[F]or municipal liability to attach, any injury must be inflicted by 'execution of a government's policy or custom.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010) (quoting *Monell*, 436 U.S. at 694). A municipal policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotations omitted); *Butler v. Lamont*, 732 F. App'x 125, 127 (3d Cir. 2018). A municipal custom may be shown where a course of conduct, though not authorized by law, is "so permanent and well-settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480; *Butler*, 732 F. App'x at 127. One such custom is "deliberate indifference" toward the class

of persons who might suffer a constitutional injury as a result of the conduct in question. *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059-60 (3d Cir. 1991). Inadequate police training, for instance, may serve as the basis for municipal liability under § 1983, but only where the failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The deliberate indifference standard is a demanding one, "requiring proof that a municipal actor disregarded a known or obvious consequence of his [or her] action." *Connick v. Thompson*, 563 U.S. 51 (2011) (internal quotation omitted).

Plaintiffs' complaint consists only of legal boilerplate. It fails to make any factual allegation of an express policy or custom authorizing Officer Gonzalez's alleged improper conduct or demonstrating inadequate training. These are mere assertions of an entitlement to relief, which, without supporting factual allegations, are insufficient under Fed. R. Civ. P. 8(a)(2). *See McTeman v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Even if an underlying § 1983 claim had been pled against the individual officers, this *Monell* count would be dismissed for failing to state a claim. *See Wood v. Williams*, 568 F. App'x 100, 104-05 (3d Cir. 2014) (affirming dismissal of *Monell* claims where "the complaint made conclusory and general claims of failure to screen, train, or supervise employees to avoid constitutional violations."); *McTeman*, 564 F.3d at 658 (indicating that "[t]o satisfy the pleading standard" for a *Monell* claim a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was.").

Count II is therefore dismissed.

*   *   *

Plaintiffs do not plead facts sufficient to state a claim for malicious prosecution against Officer Gonzalez or a *Monell* liability claim against the Borough of Roselle. The complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). I note, however, that the defects in the complaint relate to the sufficiency of pleading and might well be remedied by an amended

complaint that supplements the factual allegations with further detail. I will therefore dismiss the complaint without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. The dismissal is granted without prejudice to the submission of a proposed amended complaint within 30 days, without the necessity of a formal motion to amend. If no proposed amended complaint is filed, the dismissal shall become one with prejudice.

An appropriate order follows.

Dated: February 24, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**